**E. Jan ROBERTS, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. CV 76–1110–RF.**

United States District Court, C. D. California.

Dec. 14, 1976.

---

E. Jan Roberts, in pro. per.

William D. Keller, U.S. Atty., Los Angeles, Cal., Charles H. Magnuson, Asst. U.S. Atty., Chief, Tax Div. by William J. James, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## DECISION GRANTING MOTION TO DISMISS AMENDED COMPLAINT AND FOR SUMMARY JUDGMENT

HAUK, District Judge.

The Court sits for the Honorable Robert Firth only as to the motion before it on November 8, 1976, that is, the defendant's "Motion to Dismiss Amended Complaint to Recover Income Tax Unlawfully Assessed and Collected."

This case, having come on for argument and hearing on November 8, 1976, the Court, being fully advised in the premises, now renders its decision granting defendant's "Motion to Dismiss Amended Complaint to Recover Income Tax Unlawfully Assessed and Collected" with prejudice, and making summary judgment in favor of plaintiff.

On or before April 15, 1970, plaintiff E. Jan Roberts filed a Form 1040 Federal Income Tax Return and paid the amount computed therein by plaintiff to be due and owing for the calendar year 1969. On November 19, 1970, plaintiff received from defendant United States of America a Form L–134 requesting substantiation of his claimed deductions for business expense and casualty losses. Plaintiff did not comply. On June 16, 1971, plaintiff received from defendant Forms L–87 and 1902–E disallowing plaintiff's claimed deductions. On January 21, 1972, plaintiff received from defendant a Notice of Deficiency, Code 411:90D:MVD, for the amount of $1,081.09 for the calendar year 1969, whereupon plaintiff filed in the United States Tax Court a petition for redetermination of the purported tax deficiency as set forth by the Commissioner of Internal Revenue, Docket No. 2868–72, decision by the Honorable Charles R. Simpson reported as *E. Jan Roberts, Petitioner, v. Commissioner of Internal Revenue, Respondent,* 62 T.C. 834 (Cal.1974). In this decision, which was handed down September 23, 1974, the Tax Court decided against the petitioner and upheld the Commissioner's determination. Subsequent motions to vacate and to reopen case No. 2868–72 were filed with the Tax Court on October 18, 1974, and June 2, 1975, respectively. The motion to vacate was denied November 4, 1974; the motion to reopen was denied June 12, 1975. Plaintiff paid the deficiency of $1,081.09, but took no appeal from the Tax Court's rulings.

Plaintiff made appearance in our Court by filing his "Complaint to Recover Income Tax Unlawfully Assessed and Collected," on April 6, 1976, which was dismissed by Judge Firth on June 28, 1976, with leave to amend within sixty days, on the basis that plaintiff had not first filed a claim for refund or credit before seeking relief in District Court, as required by Title 26 United States Code § 7422(a).[1] Plaintiff filed a claim for

---

1. § 7422. *Civil actions for refund*
   (a) No suit prior to filing claim for refund.
   —No suit or proceeding shall be maintained

in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any

refund, Form 843, for the amount of $1,081.09, then filed his Amended Complaint August 27, 1976, as of which date no response to the refund claim had yet been received.[2]

Defendant now brings its motion to dismiss on the ground that "the Tax Court has already rendered a final decision on the merits of plaintiff's claim herein, and therefore, this matter is res judicata." The motion must be granted.

■ The Supreme Court has held that the doctrine of res judicata is completely applicable to federal tax cases. *Tait v. Western Maryland Railway,* 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405 (1933); *Commissioner v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). The doctrine applies equally where the case originates in the Tax Court. *Fairmont Aluminum Co. v. Commissioner of Int. Rev.,* 222 F.2d 622 (C.A. 4, 1955), *cert. denied* 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748.

Plaintiff contends that res judicata is not a proper basis for a motion to dismiss since it is included in the Federal Rule of Civil Procedure 8(c) list of affirmative defenses one may set forth. However, this is not a bar to the desired use of res judicata by the defendant. As the Court stated in *King v.*

*Mordowanec,* 46 F.R.D. 474 (R.I.1969) at 480 (where the affirmative defenses of res judicata and the statute of limitations were properly raised by summary judgment motion),

"It is now beyond doubt that summary judgment or a motion to dismiss under Rule 12 is a proper means by which a Rule 8 affirmative defense may be placed before the court."

Thus, the motion to dismiss on the basis of res judicata is properly before the Court.

Plaintiff did not take appeal from the September 23, 1974, decision of the Tax Court, nor from the denial of the November 4, 1974, motion to vacate. Time to appeal expires upon the expiration of the time allowed for filing a notice of appeal, if no such appeal has been duly filed within such time. Title 26 U.S.C. § 7481(a)(1).[3] Where a motion to vacate is filed with the Tax Court and it enters an order disposing of such, petitioner has 90 days from entry to file notice of appeal. Plaintiff did not file such notice, and thus plaintiff's right to appeal expired on February 2, 1976. Because the Tax Court's decision on the merits was final, res judicata bars plaintiff's claim here in that it operates as an absolute deterrent to subsequent litigation.

---

penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.
26 United States Code § 7422(a)

2.   This is obviously an anomaly because six months is the period which must pass without response or the receipt of an unfavorable response before suit can be filed in the District Court (see 26 United States Code § 6532(a)(1), *infra*), but plaintiff filed his amended complaint within the sixty days fixed by Judge Firth. But this anomaly is in no way determinative of the case before us, the motion or our decision herein, as we conclusively demonstrate later on.

§ 6532. *Periods of limitation on suits*
(a) Suits by taxpayers for refund.—

(1) General rule.—No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
26 United States Code § 6532(a)(1)

3.   § 7481. *Date when Tax Court decision becomes final*
(a) Reviewable decisions.—Except as provided in subsection (b), the decision of the Tax Court shall become final—
(1) Timely notice of appeal not filed.—Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time; or
26 U.S.C. § 7481(a)(1)

Plaintiff argues on much the same grounds in the instant case as he did in the Tax Court, and he apparently argues different grounds as well. But res judicata also bars any consideration of these new grounds. The rule has been definitively stated by the Honorable Malcolm M. Lucas of this district as follows:

"Once a Tax Court has decided a matter on its merits . . . such decision acts as an absolute bar to subsequent litigation and is conclusive not only as to all matters which were decided, but also as to all matters which might have been decided. (citations omitted)." *United*

*States v. Flood,* 74–1 U.S.T.C. ¶ 9174 at p. 83,228.

By reason of, and in accordance with the foregoing decision, which shall also constitute findings of fact and conclusions of law, pursuant to Federal Rule of Civil Procedure 52, the Court in addition files its formal findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Pursuant to Section 6212, Internal Revenue Code (26 U.S.C. Section 6212),[4]

4. **§ 6212. *Notice of deficiency***

(a) In general.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 42 or 43, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency.—

(1) *Income and gift taxes and taxes imposed by chapter 42.*—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, or chapter 43, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

(2) *Joint income tax return.*—In the case of a joint income tax return filed by husband and wife, such notice of deficiency may be a single joint notice, except that if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address.

(3) *Estate tax.*—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by chapter 11, if addressed in the name of the decedent or other person subject to liability and mailed to his last known address, shall be sufficient for purposes of chapter 11 and of this chapter.

(c) Further deficiency letters restricted.—

(1) General rule.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax

Court within the time prescribed in section 6213(a), the Secretary or his delegate shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of chapter 43 tax for the same taxable years, of section 4940 tax for the same taxable year, or of chapter 42 tax (other than under section 4940) with respect to any act (or failure to act) to which such petition relates, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical errors), or in section 6861(c) (relating to the making of jeopardy assessments).

(2) Cross references.—

For assessment as a deficiency notwithstanding the prohibition of further deficiency letters, in the case of—

(A) Deficiency attributable to change of election with respect to the standard deduction where taxpayer and his spouse made separate returns, see section 144(b).

(B) Deficiency attributable to gain on involuntary conversion, see section 1033(a)(3)(C) and (D).

(C) Deficiency attributable to gain on sale or exchange of personal residence, see section 1034(j).

(D) Deficiency attributable to war loss recoveries where prior benefit rule is elected, see section 1335.

Aug. 16, 1954, c. 736, 68A Stat. 770; Sept. 2, 1958, Pub.L. 85–866, Title I, §§ 76, 89(b), 72 Stat. 1661, 1665; Feb. 26, 1964, Pub.L. 88–272, Title I, § 112(d)(1), 78 Stat. 24.

As amended Dec. 30, 1969, Pub.L. 91–172, Title I, § 101(f)(2), (j)(40), (41), 83 Stat. 524, 530; Dec. 31, 1970, Pub.L. 91–614, Title I, § 102(d)(5), 84 Stat. 1842; Sept. 2, 1974, Pub.L. 93–406, Title II, § 1016(a)(10), 88 Stat. 930.

26 U.S.C. Section 6212

plaintiff E. Jan Roberts was sent a notice of deficiency in respect of his income tax for the year 1969.

5.    § 6213. *Restrictions applicable to deficiencies; petition to Tax Court*

(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 42, or chapter 43 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

(b) Exceptions to restrictions on assessment.—

(1) Mathematical errors.—If the taxpayer is notified that, on account of a mathematical error appearing upon the return, an amount of tax in excess of that shown upon the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212(c)(1) (restricting further deficiency letters), or section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section.

(2) Assessments arising out of tentative carryback adjustments.—If the Secretary or his delegate determines that the amount applied, credited, or refunded under section 6411 is in excess of the overassessment attributable to the carryback with respect to which such amount was applied, credited, or refunded, he may assess the amount of the excess as a deficiency as if it were due to a mathematical error appearing on the return.

(3) Assessment of amount paid.—Any amount paid as a tax or in respect of a tax

2. Plaintiff elected to petition the Tax Court for a redetermination of said deficiency as provided for by Section 6213, Internal Revenue Code (26 U.S.C. § 6213).[5]

may be assessed upon the receipt of such payment notwithstanding the provisions of subsection (a). In any case where such amount is paid after the mailing of a notice of deficiency under section 6212, such payment shall not deprive the Tax Court of jurisdiction over such deficiency determined under section 6211 without regard to such assessment.

(c) Failure to file petition.—If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate.

(d) Waiver of restrictions.—The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary or his delegate, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

(e) Suspension of filing period for certain excise taxes.—The running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to the taxes imposed by section 4941 (relating to taxes on self-dealing), 4942 (relating to taxes on failure to distribute income), 4943 (relating to taxes on excess business holdings), 4944 (relating to investments which jeopardize charitable purpose), 4945 (relating to taxes on taxable expenditures), 4971 (relating to excise taxes on failure to meet minimum funding standard), 4975 (relating to excise taxes on prohibited transactions) shall be suspended for any period during which the Secretary or his delegate has extended the time allowed for making correction under section 4941(e)(4), 4942(j)(2), 4943(d)(3), 4944(e)(3), 4945(i)(2), 4971(c)(3), or 4975(f)(4).

(f) Cross references.—

(1) For assessment as if a mathematical error on the return, in the case of erroneous claims for income tax prepayment credits, see section 6201(a)(3).

(2) For assessments without regard to restrictions imposed by this section in the case of—

(A) Recovery of foreign income taxes, see section 905(c).

(B) Recovery of foreign estate tax, see section 2016.

(3) For assessment as if a mathematical error on the return, in the case of erroneous claims for credits under section 39, see section 6201(a)(4).

Aug. 16, 1954, c. 736, 68A Stat. 771; June 21, 1965, Pub.L. 89–44, Title VIII, § 809(d)(4)(B), 79 Stat. 168.

3. On September 23, 1974, the Tax Court rendered a final decision determining a deficiency for the taxpayer E. Jan Roberts in respect of his income tax for the year 1969.

4. On November 4, 1974, plaintiff's motion to vacate the decision which had been rendered by the Tax Court was denied. No appeal was taken either by the plaintiff from the Tax Court decision or from its

> As amended Dec. 30, 1969, Pub.L. 91–172, Title I, § 101(f)(3), (j)(42), 83 Stat. 524, 530; Sept. 2, 1974, Pub.L. 93–406, Title II, § 1016(a)(11), 88 Stat. 930.
> 26 U.S.C. § 6213

**6.** § 7481. *Date when Tax Court decision becomes final*

(a) Reviewable decisions.—Except as provided in subsection (b), the decision of the Tax Court shall become final—

(1) Timely notice of appeal not filed.— Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time; or

(2) Decision affirmed or appeal dismissed.—

(A) Petition for certiorari not filed on time. —Upon the expiration of the time allowed for filing a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals and no petition for certiorari has been duly filed; or

(B) Petition for certiorari denied.—Upon the denial of a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals; or

(C) After mandate of Supreme Court.— Upon the expiration of 30 days from the date of issuance of the mandate of the Supreme Court, if such Court directs that the decision of the Tax Court be affirmed or the appeal dismissed.

(3) Decision modified or reversed.—

(A) Upon mandate of Supreme Court.—If the Supreme Court directs that the decision of the Tax Court be modified or reversed, the decision of the Tax Court rendered in accordance with the mandate of the Supreme Court shall become final upon the expiration of 30 days from the time it was rendered, unless within such 30 days either the Secretary or his delegate or the taxpayer has instituted proceedings to have such decision corrected to accord with the mandate, in which event the decision of the Tax Court shall become final when so corrected.

(B) Upon mandate of the Court of Appeals. —If the decision of the Tax Court is modified

denial of plaintiff's motion to vacate the decision, and both Tax Court rulings became final when the time to appeal expired on February 2, 1975.

## CONCLUSIONS OF LAW

1. The decision of the Tax Court became final upon the expiration of the time allowed for filing a Notice of Appeal, to wit, the date of February 2, 1975. Section 7481, Internal Revenue Code (26 U.S.C. § 7481),[6] Fed.R.App.P. 13(a).

or reversed by the United States Court of Appeals, and if—

(i) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or

(ii) the petition for certiorari has been denied, or

(iii) the decision of the United States Court of Appeals has been affirmed by the Supreme Court, then the decision of the Tax Court rendered in accordance with the mandate of the United States Court of Appeals shall become final on the expiration of 30 days from the time such decision of the Tax Court was rendered, unless within such 30 days either the Secretary or his delegate or the taxpayer has instituted proceedings to have such decision corrected so that it will accord with the mandate, in which event the decision of the Tax Court shall become final when so corrected.

(4) Rehearing.—If the Supreme Court orders a rehearing; or if the case is remanded by the United States Court of Appeals to the Tax Court for a rehearing, and if—

(A) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or

(B) the petition for certiorari has been denied, or

(C) the decision of the United States Court of Appeals has been affirmed by the Supreme Court, then the decision of the Tax Court rendered upon such rehearing shall become final in the same manner as though no prior decision of the Tax Court has been rendered.

(5) Definition of "mandate."—As used in this section, the term "mandate", in case a mandate has been recalled prior to the expiration of 30 days from the date of issuance thereof, means the final mandate.

(b) Nonreviewable decisions.—The decision of the Tax Court in a proceeding conducted under section 7463 shall become final upon the expiration of 90 days after the decision is entered.
Aug. 16, 1954, c. 736, 68A Stat. 889.
As amended Dec. 30, 1969, Pub.L. 91–172, Title IX, § 960(h)(1), 83 Stat. 734.
26 U.S.C. § 7481

■ 2. Once the Tax Court has decided a case on the merits, such decision is *res judicata* and acts as an absolute bar to subsequent litigation and is conclusive not only as to all matters which were decided, but also as to all matters which might have been decided. *United States v. Flood*, No. CV 70–764–MML, C.D.Calif., November 21, 1973 (74–1 U.S.T.C. ¶ 9174). Summary Judgment for defendant and against plaintiff must be granted.

**7.** § 6512. *Limitations in case of petition to Tax Court*

(a) Effect of petition to Tax Court.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and chapter 42 or 43 taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, or gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 42 or 43 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary or his delegate has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

(b) Overpayment determined by Tax Court.—

(1) Jurisdiction to determine.—Except as provided by paragraph (2) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 42 or 43 with respect to any act (or failure to act) to which such petition relates,

■ 3. Moreover, once invoked, the Tax Court's jurisdiction is exclusive as to all issues that might have been included in the taxpayer's petition and, with certain statutory exceptions, not applicable here, no suit for the recovery of any part of the later paid tax to which such petition related may be instituted in any court, and certainly not in the District Court for refund. Section 6512, Internal Revenue Code (26 U.S.C. § 6512).[7] And, therefore, since plaintiff's

in respect of which the Secretary or his delegate determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

(2) Limit on amount of credit or refund.—No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency—

(i) which had not been disallowed before that date,

(ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or

(iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532. Aug. 16, 1954, c. 736, 68A Stat. 811; Oct. 23, 1962, Pub.L. 87–870, § 4, 76 Stat. 1161.

As amended Dec. 30, 1969, Pub.L. 91–172, Title I, § 101(j)(47), (48), Title IX, § 960(b), 83 Stat. 531, 734; Dec. 31, 1970, Pub.L. 91–614, Title I, § 102(d)(9), 84 Stat. 1842; Sept. 2, 1974, Pub.L. 93–406, Title II, § 1016(a)(16), 88 Stat. 930.

26 U.S.C. 6512

complaint fails to state a claim upon which relief can be granted, it must be dismissed with prejudice.

■ 4. A Motion for Summary Judgment under Rule 56, where, as here, recourse is required to matter outside the complaint, or a Motion to Dismiss under Rule 12 is a proper means by which a Rule 8 affirmative defense may be placed before the Court. *King v. Mordowanec*, 46 F.R.D. 474 (D.R.I., 1969). The Motion to Dismiss shall be treated as a Motion for Summary Judgment and be disposed of as such by granting it with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.