**UNITED STATES of America, Plaintiff,**

v.

**Frances WYNSHAW, Defendant.**

**No. 80 Civ. 4941 (JMC).**

United States District Court,
S. D. New York.

June 29, 1981.

John S. Martin, Jr., U.S. Atty., S. D. N. Y., New York City (William J. Brennan, Asst. U.S. Atty., New York City, of counsel), for plaintiff.

Stern & Wynshaw, New York City (Warren D. Wynshaw, New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Plaintiff's motion for summary judgment is granted. Fed.R.Civ.P. 56.

Defendant's cross-motion for summary judgment is denied. Fed.R.Civ.P. 56.

### FACTS

The Government commenced this action on January 2, 1980 in the United States District Court for the Southern District of Florida, seeking to reduce to judgment federal income tax assessments against defendant Frances Wynshaw in the amount of $9,619.64, the income tax liability reflected in a 1972 tax return which defendant allegedly filed jointly with her husband, David Wynshaw. See I.R.C. § 7402. On July 31, 1980, the action was transferred to this Court pursuant to 28 U.S.C. §§ 1404, 1406.

In October 1973, the tax return at issue was filed showing a joint tax liability for 1972 of $16,748.31.[1] Notice of Motion, Exhibit A (filed Nov. 7, 1980). Subsequently, the Internal Revenue Service ["IRS"] issued a notice of deficiency to defendant and her husband in the amount of $318,184, plus additions applicable only to David, for 1969, 1970, 1971 and 1972. Id., Exhibit B.[2] Frances and David then filed a timely pro se petition in United States Tax Court for a redetermination of the alleged deficiency. Id., Exhibit C.[3] In that petition, defendant claimed that she was not liable for the deficiency under the so-called "innocent spouse" provision of the tax code,[4] stating

---

1. Spouses are jointly and severally liable for tax liabilities when filing jointly. I.R.C. § 6013(d)(3). The IRS has credited certain amounts to the tax liability set forth in the 1972 tax return, reducing the balance of the assessment to $9,619.64 as of April 15, 1974. See Notice of Motion, Exhibit E (filed Nov. 7, 1980).

2. The procedures for the issuance of a notice of deficiency are set forth in I.R.C. § 6212.

3. Frances and David followed the procedures set forth in I.R.C. § 6213.

4. I.R.C. § 6013(e)(1) provides:

[I]f—

she "was innocent of [the omissions of unreported income for the years 1969 through 1972], if any, and in signing the returns for the years in question had no reason to know of such omissions." *Id.*, ¶ 5(i). The proceedings were terminated when David and Frances, who were then represented by counsel, and the Government entered into a stipulated decision which, by agreement between the parties, became the decision of the Tax Court.[5] It provides: "[T]here are no deficiencies in income taxes due from ... petitioner Frances Wynshaw for the taxable years 1969, 1970, 1971 and 1972." *Id.*, Exhibit D.

## DISCUSSION

Defendant does not dispute the Government's contention that a 1972 tax return, on which her name appears, was filed, or that the outstanding tax liability for that return as of April 15, 1974 is $9,619.64. Rather, she contends that she had no taxable income in 1972, and consequently did not sign or file a return for that year or authorize anyone to sign or file a return on her behalf. *See* Affidavit of Frances March, f/k/a Frances Wynshaw, ¶ 2 (filed Jan. 29, 1981). She claims further that at the time of the tax court proceeding she did not even know that a return for 1972 had been filed purporting to be hers. *See* Defendant's Memorandum of Law at 3 (filed Jan. 29, 1981). Therefore, defendant argues that she cannot be held liable for the tax stated to be due and owing therein.

The Government's argument is two-fold: *first*, it contends that defendant's statement in paragraph 5(i) of the tax court petition that "in signing the returns for the years in

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, ₄and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly

question [I] had no reason to know of such omissions," constitutes a judicial admission which is conclusive on the issue of whether she signed the 1972 return; *second*, it contends that the doctrine of *res judicata* bars defendant from litigating this issue since her denial of having signed the return is a defense that might have been offered to sustain her demand for a redetermination of the deficiency in the Tax Court. The Court disagrees with the Government on the first point, but finds that the doctrine of *res judicata* bars defendant from litigating her tax liability for 1972.

Although defendant's above-quoted statement is certainly a damaging admission against her interest in this action, it was made in a pleading in a prior litigation and thus is merely an "ordinary" admission in the current litigation. As such, it is not conclusive and, if the case were to proceed to trial, would be subject to explanation or contradiction. *See Fidelity & Deposit Co. v. Hudson United Bank*, 493 F.Supp. 434 (D.N.J.1980); *Donald M. Drake Co. v. United States*, 153 Ct.Cl. 433 (1961).

The applicability of res judicata in the context of federal income tax litigation was addressed by the Supreme Court in *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). The Court stated:

The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. *The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the*

or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission, then the other spouse shall be relieved of liability for tax (including interest, penalties and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

5. The decision was not appealed.

suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352 [24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, "Res Judicata," 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48.

But where the second action between the same parties is upon a different cause or demand, the principle of *res judicata* is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." *Cromwell v. County of Sac, supra,* 353 [24 L.Ed. 195]. And see *Russell v. Place,* 94 U.S. 606 [24 L.Ed. 214]; *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48 [18 S.Ct. 18, 27, 42 L.Ed. 355]; *Mercoid Corp. v. Mid-Continent Co.,* 320 U.S. 661, 671 [64 S.Ct. 268, 273, 88 L.Ed. 376]. Since the cause of action involved in the second proceeding is now swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, *res judicata* is usually and more accurately referred to as estoppel by judgment, or collateral estoppel. See Restatement of the Law of Judgments, §§ 68, 69, 70; Scott, "Collateral Estoppel by Judgment," 56 Harv.L.Rev. 1.

These same concepts are applicable in the federal income tax field. Income taxes are levied on an annual basis. *Each year is the origin of a new liability and of a separate cause of action.* Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit.

*Id.* at 597–98, 68 S.Ct. at 719 (emphasis added); *see Moyer v. Mathas,* 458 F.2d 431, 434–35 (5th Cir. 1972); *Roberts v. United States,* 423 F.Supp. 1314 (C.D.Cal.1976); *United States v. Sawyer,* 243 F.Supp. 462 (D.Mass.1965).

▮ The first question, then, is whether the Tax Court's decision was a final judgment on the merits. As noted previously, the Tax Court proceeding involving defendant was terminated by stipulation, which became the decision of the Tax Court by agreement of the parties. Under the case law, such a decision is deemed to be a final judgment on the merits. *See United States v. International Building Co.,* 345 U.S. 502, 506, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); *Stetson v. United States,* 77–2 U.S.T.C. (CCH) ¶ 9663, at 88,238 (W.D.N.Y.1977); *Sylk v. United States,* 331 F.Supp. 661, 666 (E.D.Pa.1971).

Next, the Court must determine if the instant proceeding involves the same cause of action as that litigated in the Tax Court proceeding. Defendant claims that this litigation "is upon a different cause or demand," *Commissioner v. Sunnen, supra,* 333 U.S. at 597, 68 S.Ct. at 719, so that *res judicata* does not apply, since the Tax Court proceeding determined the issue of tax *deficiencies,* while the instant litigation will determine the issue of whether she owes any taxes at all for 1972. Defendant relies upon the distinction between a deficiency, which is the difference between the amount

of tax actually due and owing to the Government and the amount shown on the return itself as being due and owing, *see* I.R.C. § 6211(a), and the tax liability shown on the return alone. By defending this action on the ground that she had no taxable income in 1972 and did not sign or file a return for that year, defendant claims she is not attempting to relitigate the deficiency issue. She argues further that collateral estoppel likewise does not apply under these circumstances since that doctrine would apply only to points which were in issue in the Tax Court proceeding and upon which that court's decision was rendered. *See id.* at 598, 68 S.Ct. at 719. In short, defendant contends that since both sides acknowledge that the only issue previously considered on the merits was whether she was an "innocent spouse" with respect to tax deficiencies, the Tax Court decision can have no effect on the instant litigation.

Although the Supreme Court in *Sunnen* did not fully explain the meaning of "cause of action" in federal tax litigation, two circuit courts of appeal have recently done exactly that. In *Russell v. United States*, 592 F.2d 1069 (9th Cir.), *cert. denied*, 444 U.S. 946, 100 S.Ct. 308, 62 L.Ed.2d 315 (1979), the Ninth Circuit found that when a taxpayer petitions the Tax Court to redetermine an asserted deficiency, the Tax Court has "jurisdiction to decide the entire gamut of possible issues that [control] the determination of the amount of tax liability for the year in question." *Id.* at 1072. The court held, therefore, that the Tax Court's decision was *res judicata* as to all such issues. *Id.* Even more recently, the Fifth Circuit found that

[i]n federal tax litigation one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation. As in any other area, res judicata bars subsequent litigation of a previously adjudicated cause of action, including those claims and defense that could have been, but were not, raised in the earlier proceeding. All such issues are considered to have merged into the prior judgment.

*Finley v. United States*, 612 F.2d 166, 170 (5th Cir. 1980) (citations omitted).

Applying these principles to this case, it is clear that summary judgment for the Government is appropriate. Defendant is now attempting to litigate an issue which is without doubt a matter that could have been offered to challenge the deficiency assessment in Tax Court. Her claim that this issue could not have been litigated because at the time she did not know that a return for 1972 had been filed and that therefore no issue as to whether she signed the return existed is absurd in light of the undisputed facts.[6] The petition for redetermination was made in response to the IRS's notice of deficiency which specifically identified the tax returns at issue. It certainly was within defendant's knowledge at that time whether she signed one of those returns, and if indeed she did not, she had a fundamental and dispositive defense to the deficiency assessment as well as to the underlying tax liability reflected in the 1972 return. Therefore, the issue did exist and could have been litigated.[7]

---

6. Defendant relies on *Blackmon & Assocs. v. United States*, 409 F.Supp. 1264 (N.D.Tex. 1976), in which the issue sought to be litigated in the subsequent proceeding arose entirely after the prior judgment. If that were the case herein, *res judicata* would not apply. For the reasons stated below, however, this is not the case.

7. In light of the foregoing, defendant's cross-motion for summary judgment must of course also be denied. Even if the Court had denied the Government's motion, however, the Court would still deny defendant's motion. Defendant admits that her case is based upon her present statement that she did not have any income in 1972, did not sign or file a return and did not authorize anyone to do so for her. Since defendant's version of the facts is clearly at odds with her admission in the Tax Court petition, a resolution of the issue depends upon an assessment of credibility which is never appropriate for resolution on a motion for summary judgment.

## CONCLUSION

Accordingly, plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied. Fed.R.Civ.P. 56.

Submit Judgment on Notice.

SO ORDERED.