An appropriate order will issue.

In re Clayton B. BAKER and Sally I. Baker, Debtors.

Civ. No. 94–6162–HO.

United States District Court, D. Oregon.

July 19, 1994.

William P. Koontz, Cottage Grove, OR; for Clayton B. Baker and Sally I. Baker.

Susan M. Henderson, U.S. Dept. of Justice, Washington, DC, for IRS.

Fred G. Long, Trustee, Eugene, OR.

## ORDER

HOGAN, District Judge.

This is a bankruptcy appeal challenging Bankruptcy Judge Higdon's November 30, 1993 order overruling the debtors' objection to the claim of the Internal Revenue Service (IRS). In late 1978 or early 1979, the debtors hired an attorney, Maxwell Berg, who specialized in tax planning. Mr. Berg developed a tax shelter investment plan which required his clients to invest in sham master recording limited partnerships. He then filed fraudulent returns for his clients, including the debtors, and obtained refunds for previous tax years. The IRS learned of the fraudulent activity and sent debtors a large tax deficiency bill for the years 1975–1980. Mr. Berg was indicted and fled the country. The debtors joined a large group of taxpayers who filed petitions in tax court. They were represented by attorneys Cole and Moore. The debtors alleged in their petition in tax court that they believed "that the assessment and collection of the claimed deficiencies for 1975, 1976, 1977, and 1978 are barred by the applicable statute of limitations." (Appellee's Excerpts of Record, Exhibit F). The debtors and the IRS reached an agreement to resolve the dispute. One of the terms of the agreement was that the debtors would receive a credit for the refund checks which they claimed they never received, but rather were cashed by Mr. Berg. The United States Tax Court entered a decision requiring the debtors to pay certain deficiency amounts for the years 1977–1980 based on the parties agreement and stipulation. (*Id.*, Exhibit G). The stipulation shows a zero tax liability for tax years 1975 and 1976. The debtors argue that they believed this zero tax liability for 1975 and 1976 meant that the statute of limitations applied to those years, and that, in effect, their "credit" should have applied to subsequent years.

*DISCUSSION*

 The issue is whether the United States Bankruptcy Court has the authority to set aside the stipulated Tax Court decision under Fed.R.Civ.P. 60(b)(6), in contravention to 11 U.S.C. § 505(a)(2)(A). (Debtors' Brief). Fed.R.Civ.P. 60(b)(6) provides, in relevant part:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

This is an extraordinary procedure that permits the court which rendered the judgment to grant relief upon a showing of good cause and upon terms that are just. *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979); *Oliver v. Monsanto Co.*, 56 F.R.D. 370, 372 (S.D.Tex.1972), *aff'd* 487 F.2d 514 (5th Cir.1973). This rule should not be applied where a party seeking reconsideration has ignored normal legal recourse. *United States v. Alpine Land and Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). The moving party must show that (1) there has been injury, and (2) that circumstances beyond the control of the moving party prevented timely action to protect their interest. *United States v. Alpine Land and Reservoir Co.*, 984 F.2d 1047 (9th Cir.1993). This rule is not intended to enable litigants to avoid the consequences of a decision to settle which appears unfortunate in retrospect. *Smith v. Widman Trucking & Excavating*, 627 F.2d 792, 793 (7th Cir.1980).

 11 U.S.C. § 505(a)(2)(A) provides that a bankruptcy court may not determine

"the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction...." If a claim of liability or non-liability relating to a particular tax year is litigated in Tax Court, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. *Russell v. U.S.*, 592 F.2d 1069, 1072 (9th Cir.1979) *cert. den.*, 444 U.S. 946, 100 S.Ct. 308, 62 L.Ed.2d 315 (1979). The parties and their privies are bound not only to matters offered to sustain or defeat a claim, but as to any other admissible matter which might have been argued. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948) (judgment ends case which cannot be brought into litigation upon any ground whatever); *see also Russell v. U.S.*, 592 F.2d at 1072 (Tax Court acquires jurisdiction to decide the entire gamut of possible issues that controlled determination of tax liability). A stipulated decision by the Tax Court is a final judgment on the merits. *Matter of Donahue*, 107 B.R. 146, 151 (Bkrtcy.S.D.Ohio 1989); *U.S. v. Wynshaw*, 516 F.Supp. 785, 788 (S.D.N.Y.1981).

 The debtors argue that in order for section 505(a)(2)(A) to have prescriptive effect, there must be evidence that the debtors' claim of statute of limitations was adjudicated, and there is no such evidence. They argue that the IRS improperly applied credits to tax years 1975 and 1976 without informing them or obtaining Tax Court authorization and led them to believe they would receive credits against the ultimate amount of tax liability determined by the Tax Court in its decision. They argue that the IRS should be estopped from seeking the full amount in the Tax Court decision plus interest and that they are not seeking to relitigate taxes, rather only to clarify their agreement. The IRS argues, in effect, that the statute of limitations was not to apply to tax years 1975 and 1976, or any other years at issue, and that they properly applied the correct credit to the earliest years in accordance with the parties' agreement.

An IRS attorney negotiated a settlement with debtors' attorneys Moore and Cole in the Tax Court action. (Appellee's Excerpts of Record, Exhibit E). That settlement was reflected in a document titled "COUNSEL SETTLEMENT MEMORANDUM In re: Clayton and Sally Baker v. Commissioner" dated April 1, 1991. *Id.* This "Memorandum" is signed by the IRS attorney and an IRS paralegal, and not by debtors. Debtors claim they never saw this document and never agreed to its terms. This settlement memorandum indicates that debtors were to receive 50% of their cash investment in the master recording partnership as a credit against their deficiency, that this cash investment totalled $30,000 and that debtors would receive $15,000 as credit "in settlement of this case." *Id.* The settlement memorandum specifies that this credit is to apply first against the 1975 deficiency of $4,402.00 leaving a zero deficiency, then against the 1976 deficiency of $5,623.00 leaving a zero deficiency, and then against the 1977 deficiency of $5,813.00 leaving an $838.00 deficiency. The record does include a copy of a March 19, 1991 letter from attorney Moore to the debtors which states, in relevant part:

> Now that the Tax Court's opinion [in one of the test cases] has been issued, the Internal Revenue Service wants to finish up the paperwork for those of our clients who have not formally accepted the prior settlement offer....
>
> Enclosed please find three original versions of your final settlement documents as prepared by the Internal Revenue Service. All three copies should be signed where indicated and returned to this office for filing with the Tax Court....
>
> The settlement documents reflect a reduction in the gross amount of taxes claimed by the IRS equal to half of the size of your projected "investment" with Mr. Berg funded by actual federal refund checks endorsed by him or his office. No amounts actually returned to you by Mr. Berg have been included in the calculation of the reduction in taxes claimed. This reduction was applied to the oldest years first, until exhausted. ...

If you choose not to accept the settlement with the IRS, your case will have to proceed to trial. In light of [the decision in the recent test cases], the chances of success are negligible. Certainly, the IRS will not agree at this time to any improvement in their offer, considering what they won from all the other taxpayers at trial....

(Appellee's Excerpts of Record, Exhibit .H).

Debtors do not dispute that they did receive this letter from their attorney. The letter explains that the settlement included application of credits to the oldest years first, which were 1975, 1976, and 1977. They do not dispute that they knew the total amount of the deficiencies claimed by the IRS for years 1975–1977, i.e., $4,402, $5,623, $5,813, respectively. (*See* Appellee's Excerpts of Record, Exhibit F, notice of deficiency letter from IRS to debtors, statutory notice to debtors). Debtors argue that their investment in the master recording partnership was more than $30,000 and that they were, therefore, entitled to more than $15,000 in credit. They do not argue that they questioned the total credit amount prior to signing the stipulated Tax Court decision. The stipulated Tax Court decision reflects the credit calculation in the April 1, 1991 settlement memorandum.

The bankruptcy court is not authorized to set aside the stipulated Tax Court decision under Fed.R.Civ.P. 60(b)(6), because it is not the court which rendered the decision. There is no evidence the debtors sought relief from the judgment from the Tax Court. Even if Fed.R.Civ.P. 60(b)(6) did apply, the debtors have not demonstrated good cause for failing to clarify any questions they had about the statute of limitations or credit amounts at the time they agreed to settle. Debtors are, in effect, requesting that the bankruptcy court reevaluate the amount of taxes owed by debtors, in contravention of 11 U.S.C. § 505(a)(2)(A). The fact that the Tax Court entered a final judgment on debtors' tax liability for the years 1975–1980 means that the debtors are now barred from challenging that liability based on res judicata.

In addition, by signing the stipulated Tax Court decision, debtors also agreed that the "entry of this Decision is with prejudice to any claims (past, present, or future) by petitioners to seek any further relief against the United States government in any forum with respect to either the Berg/Berg and Allen Transactions or this Decision...." (*Id.*, Exhibit G).

### CONCLUSION

Bankruptcy Judge Higdon's November 30, 1993 order overruling debtors' objection to the IRS claim is affirmed. This appeal is dismissed.