**Robert Y. H. THOMAS and Mary B. Thomas, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 20206.**

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1963.

William R. Frazier, Hill & Frazier, James P. Hill, Jacksonville, Fla., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Crane C. Hauser, Chief Counsel, I. R. S., Robert B. Alexander, Jr., Atty., I. R. S., David O. Walter, Alec A. Pandaleon, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and BROWN and BELL, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a decision of the Tax Court holding that petitioners were not entitled to deduct losses sustained by them during the calendar years 1956, 1957 and 1958 in the operation of a farm which petitioners contend was carried on in the conduct of a bona fide trade or business.

The principal contention here is that the Tax Court, which decided this case

dealing with the years 1956 and following, in May 1962, failed to pay proper respect to a judgment based on a jury verdict in January, 1962 in the District Court for the Middle District of Florida, finding that for the year 1955 petitioners' losses from operating the same farm were entitled to such deduction. The jury's verdict was in the form of a special verdict, finding expressly that the plaintiffs did "operate this farm in the year 1955 as a business for profit."

It is to be borne in mind that the Tax Court litigation came on for hearing in Jacksonville, Florida, on October 16 and 17, 1961. This hearing dealt with the three later years. The District Court suit for refund for the earlier year, 1955, came on for trial on January 22, 1962. The jury entered a special verdict in the taxpayers' favor for the year 1955, however, before the Tax Court opinion on April 2, 1962 as to the later years. Following the favorable decision in their favor in the District Court litigation petitioners obtained permission from the Tax Court to file an amendment to their petition and show the facts dealing with the District Court judgment.

The Tax Court decided and stated in in memorandum opinion on April 2, 1962, that the operation of the farm was not, as to the tax years there involved, "in the conduct of a trade or business."

■ In their petition before us, taxpayers claim too much for their 1955 judgment. They claim that this judgment in their favor forecloses any subsequent judgment by the Tax Court in favor of the Government for succeeding years. They seem to argue that the Tax Court erred as a matter of law in not deciding the case for the years 1956, 1957 and 1958 in favor of the taxpayer merely because of the District Court judgment in favor of the taxpayers for the year 1955. Generally speaking, of course, collateral estoppel does not prevent a judgment in a subsequent year different from that in a prior year as to the affairs of a single taxpayer, even though the issues relating to the determination are largely the same. Flato v.

Commissioner, 5 Cir., 245 F.2d 413; Campbell v. Bateman, 5 Cir., 239 F.2d 283; Alexander v. Commissioner, 5 Cir., 224 F.2d 788.

However, it is everywhere recognized that as between the same parties, or their privies (and this would apply where the United States is the defendant in one case and the Commissioner of Internal Revenue is the respondent in another), a matter which is actually presented and determined in the first suit may not later be relitigated in a second suit. This principle is stated in Tait v. Western Maryland R. R. Co., 289 U.S. 620, 624, 53 S.Ct. 706, 707, 77 L.Ed. 1405. Thus if a claim for liability or non-liability relating to a particular tax year is litigated, judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. But if the later proceeding is concerned with a similar or unlike claim relating to a different tax year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit. Collateral estoppel operates, in other words, to relieve the Government and the taxpayer of "redundant litigation of the identical question of the statute's application to the taxpayer's status". 289 U.S. at 624, 53 S.Ct. at 707, 77 L.Ed. 1405.

■ As we consider this case then, it seems clear that the District Court judgment holding that petitioners were operating their farm as a bona fide business operation in the year 1955 forecloses that issue once and for all. Thus, in any subsequent litigation in which the operation of the farm again becomes relevant to a finding of taxability or nontaxability of income, the later tribunal must start with the proposition that during the year 1955 the losses attributable to the operation of the farm were deductible and the petitioners were "operating the farm during the year in question as a bona fide business operation." This does not mean that any other fact finder, either a District Court or the Tax Court, may not upon substantial evidence deter-

mine that, during the year 1956 or the year 1957, or any subsequent year, the farm was not operated as a bona fide business operation. However, of course, it must take into consideration in making the decision as to 1956 and subsequent years the fact that in 1955 it was so operated.

While the Tax Court, in its memorandum opinion expressly referred to the judgment of the District Court and stated that it had given consideration to it, it seems to have held in the course of its discussion of the facts something contrary to the 1955 judgment. The memorandum opinion stated:

"We heard extensive oral testimony attempting to buttress that position, and although we are satisfied that petitioner did engage in some breeding activities after 1954, they were neither of such magnitude or scope, nor were his entire activities relating to horses sufficiently different from his prior activities to convince us that *petitioner ever had any bona fide intention* of making any profit from the alleged business venture."

Again the opinion stated, "We do not find convincing petitioner's testimony that he intended to operate a business for profit." Later the opinion makes similar findings and there, for the first time, expressly uses the term "during the tax years." The tax years were, of course, the years 1956, 1957 and 1958.

Finally, the memorandum opinion stated:

"Our attention has been called to a proceeding involving petitioners' income tax liability for the year 1955 in which a jury appears to have made a finding for that year different from the one that we make herein for the years 1956–1958. Robert Y. H. Thomas and Mary B. Thomas v. United States (S.D.Fla.), January 23, 1962, reported in 1962 C.C.H.

¶ 9274. The trial in that case was held after the trial in the present case. We did not hear the witnesses in that case nor do we know what other evidence was there presented. We are satisfied on the evidence presented to us in this case that petitioner did not operate his farm as a business for profit during the years here in issue. The jury verdict upon a different record and involving a different tax year, while entitled to consideration, is not conclusive here. Cf. Engineers' Club of Philadelphia v. United States, 42 F.Supp. 182, [95] Ct.Cl. [42], certiorari denied, 316 U.S. 700, [62 S.Ct. 1294, 96 L.Ed. 606]; Linen Thread Co., Ltd., 4 T.C. 802, affirmed 152 F.2d 625 (C.A.2); Stoddard v. Commissioner, 141 F.2d 76, 79–80 (C.A.2); Compana Corp. v. Harrison, 135 F.2d 334, 336 (C.A. 7); Commissioner [of Internal Revenue] v. Sunnen, 333 U.S. 591, 601, 602 [68 S.Ct. 715, 92 L.Ed. 898]."

█ This opinion leaves us with the clear impression that the Tax Court did not recognize the binding effect of the judgment touching the year 1955 as to the status of the petitioners' farming venture during that year. It appears that the Tax Court may not have considered itself bound by the finding that for the year 1955 the farm was being operated as a bona fide business venture. If it had given full effect to this finding it may, of course, have arrived at the same conclusion as expressed in its memorandum opinion. Nevertheless, in order that it may consider the matter in the light of our holding that it is absolutely bound by the District Court judgment dealing with 1955, the case must be remanded for further consideration by the Tax Court.

The judgment is vacated and remanded for further consideration in the light of this opinion.