958 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Justine W. LONG; Jerry Marcus Hires; Bullseye Development,
Incorporated, Plaintiffs-Appellants,
and
Aaron H. Richardson, Plaintiff,
v.
UNITED STATES of America; Fred C. Heistand; Kathy V.
Heistand, Defendants-Appellees,
and
Tabitha Lynn Wrenn; James J. Chadwick, Defendants.
 No. 91-2517.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 2, 1991.
Decided March 16, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenwood. G. Ross Anderson, Jr., District Judge. (CA-90-1962-9-3)
 Argued: Charles Edward Hill, Turner, Padget, Graham & Laney, P.A., Columbia, S.C., for appellants.
 Christine Anne Grant, Tax Division, United States Department of Justice, Washington, D.C., for appellee United States.
 James Lewis Cromer, Cromer & Mabry, Columbia, S.C., for appellees Heistand.
 On brief: David G. Fawcett, Turner, Padget, Graham & Laney, P.A., Columbia, S.C., for appellants.
 Shirley D. Peterson, Assistant Attorney General, Gary R. Allen, William S. Estabrook, Tax Division, United States Department of Justice, Washington, D.C., E. Bart Daniel, United States Attorney, Columbia, S.C., for appellee United States.
 D.S.C.,
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Taking the position that a federal tax lien filed against F. Harold McElmurray in July 1989 attached to property titled to American Heartland Farms, which purportedly was a business partnership of Janice McElmurray and Lisa McElmurray Tyler, the wife and daughter, respectively, of Harold McElmurray, the Internal Revenue Service levied upon and seized almost 200 acres of land situated in Edgefield County, South Carolina (the "Edgefield property"), that Justine Long had purchased from American Heartland Farms in September 1989. Long brought this wrongful levy action in federal district court claiming that McElmurray had no ownership interest in the Edgefield property, and that if he did, there was no record notice sufficient to charge purchasers with knowledge of rights in the property other than those of American Heartland Farms. After a bench trial, the district court concluded that Harold McElmurray had been the real owner of the Edgefield property, even though the property had been titled to American Heartland Farms, and furthermore, that the facts available to one conducting a reasonable title search of the Edgefield property were more than sufficient to give notice that Harold McElmurray had actually owned the property. Accordingly, the court held that the federal tax lien duly filed against McElmurray before Long's purchase of the Edgefield property was valid against Long and subsequent purchasers as well,[1] and the court dismissed the wrongful levy action with prejudice.
 
 
 2
 We now affirm the judgment of the district court.
 
 
 3
 * What the district court found, in effect, was that American Heartland Farms was not a true partnership, "an association of two or more persons to carry on as co-owners a business for profit," S.C.Code Ann. § 33-41-210, but rather, a nominee or "alter ego" of Harold McElmurray, and as such, a mere titleholder of convenience for him. Whether an entity is a taxpayer's nominee turns on the degree of control the taxpayer exercises over the entity and its assets, the use of the entity's funds to pay the taxpayer's personal expenses, and the family relationship, if any, between the taxpayer and the entity's officers. Shades Ridge Holding Co. v. United States, 888 F.2d 725, 729 (11th Cir.1989).
 
 
 4
 Applying these tests to the facts of this case, the district court correctly determined that American Heartland Farms was the nominee of Harold McElmurray. The critical facts relied upon by the court were as follows.
 
 
 5
 When American Heartland Farms acquired the Edgefield property from Mike Woosley, Inc., a promissory note in the amount of $66,000 was executed in favor of the seller.[2] Harold McElmurray, not American Heartland Farms, was shown as the promissor on the note. There was no indication on the note of his acting as agent or guarantor for American Heartland Farms. In fact, the purchaser's closing statement, drafted by the seller's attorney, is headed "Mike Woosley, Inc., to Harold McElmurray--51.24 acres and 147.11 acres in Edgefield County, SC." J.A. at 364.
 
 
 6
 McElmurray also executed and filed a purchase money mortgage on the Edgefield property to secure the promissory note. "Harold McElmurray/American Heartland Farms" was shown as the mortgagor. J.A. at 293. The mortgage, like the promissory note, was signed by McElmurray in his individual capacity, there being no indication on the instrument that he was acting as agent or guarantor for American Heartland Farms.
 
 
 7
 Harold McElmurray exercised complete control over American Heartland Farms and its assets. He used the Edgefield property to secure personal indebtedness, executing a second mortgage on the property in favor of Republic National Bank, Columbia, South Carolina, in consideration for a loan of $350,000 to the McElmurray Investment Company. This mortgage shows "F. Harold McElmurray (also F. Harold McElmurray/American Heartland Farms)" as the mortgagor. J.A. at 297. Moreover, all of the proceeds from the sale of the Edgefield property to Long were used to satisfy McElmurray's personal indebtedness--the entire amount of the mortgage held by Mike Woosley, Inc., and partial release on the Republic National Bank mortgage.
 
 
 8
 Finally, the officers of American Heartland Farms were the wife and daughter of Harold McElmurray. Neither ever participated in the business affairs of the purported partnership. Neither ever received any of the proceeds from the sale of the Edgefield property. No partnership tax returns were ever filed, and the wife and daughter never signed any documents for the partnership or exercised any rights in the property consistent with an ownership interest until the post-tax lien sale of the Edgefield property to Long.
 
 
 9
 These facts, amply supported by the evidence, in turn amply support the conclusion that American Heartland Farms was not a true partnership, but was the nominee of Harold McElmurray, a delinquent taxpayer, and that property titled to American Heartland Farms was actually owned by Harold McElmurray.
 
 II
 
 10
 Appellants argue, however, that even if Harold McElmurray, not American Heartland Farms, had owned the Edgefield property, there was not sufficient record evidence to charge them with knowledge of his rights in the property. We disagree. As the district court found, anyone conducting a reasonable title search of the Edgefield property would have discovered in the Direct or Mortgagor Index to Real Estate Mortgages of Edgefield County, South Carolina, listings for both the Woosley and the Republic National Bank mortgages on the Edgefield property cross-referencing both McElmurray and American Heartland Farms. Examining the mortgages themselves, the title searcher would have found nothing identifying American Heartland Farms as a partnership and nothing identifying Janice McElmurray and Lisa McElmurray Tyler as its partners. What the title searcher would have found instead was Harold McElmurray's signature on the mortgages as mortgagor, and by all appearances, not as agent for American Heartland Farms but in his individual capacity. In fact, American Heartland Farms does not appear anywhere on the mortgages except in conjunction with Harold McElmurray--for example, "F. Harold McElmurray (also F. Harold McElmurray/American Heartland Farms)"--which indicates more that the two were one and the same than that McElmurray was merely the agent of American Heartland Farms.
 
 
 11
 There was ample reason to believe, then, based on matters that we think it reasonable to expect any reasonably diligent title examiner to have discovered, that Harold McElmurray was the actual owner of the Edgefield property, even though the property was nominally titled to American Heartland Farms. Indeed the evidence indicates that Long's attorney, the actual title examiner in this case, did know that there was the appearance, if not the fact, that McElmurray owned the Edgefield property. This appears from the fact that the attorney had Mrs. McElmurray and Ms. Tyler execute and file a confirmation of partnership, and had Harold McElmurray execute a quitclaim deed conveying whatever interest he had in the property for nominal consideration of $1.00. As for the subsequent purchasers, that which was reasonable for Long to know, and what it appears Long, through counsel, in fact did know, was reasonable for them to know as well.
 
 
 12
 We conclude, therefore, that facts available to Long and subsequent purchasers were more than sufficient to give notice that Harold McElmurray, and not American Heartland Farms, was the true owner of the Edgefield property. Accordingly, the district court properly held that the federal tax lien filed against Harold McElmurray was valid against Long and subsequent purchasers.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Long sold portions of the Edgefield property to Jerry Marcus Hires, Bullseye Development, Inc., Fred and Kathy Heistand, Tabitha Lynn Wrenn, James Chadwick, and Aaron Richardson. The original plaintiffs in this wrongful levy action were Long, Richardson, and Hires. The amended complaint added Bullseye Development as plaintiff and joined Wrenn, Chadwick, and the Heistands as defendants, so that they would be bound by the judgment. On appeal, the parties stipulated the dismissal of Richardson as plaintiff and Wrenn and Chadwick as defendants because they reconveyed their parcels back to Long and executed releases in favor of Long. The stipulation, of course, did not release the parcels reconveyed from the federal tax lien against McElmurray
 Pending before the Edgefield County Court of Common Pleas is a damages action brought by the Heistands against Long.
 
 
 [2]
 A $10,000 cash down payment was made on the property with funds from a cash management account held jointly by Harold and Janice McElmurray, the principal assets of which were stocks Harold McElmurray inherited from his mother