**UNITED STATES of America,
Plaintiff,**

v.

**David B. REED, et al., Defendants.**

**No. 2:99–CV–0388–S.**

United States District Court,
D. Utah,
Central Division.

July 19, 2001.

Christopher H. LaRosa, US Department of Justice, Tax Division, Washington, DC,

Kirk C. Lusty, US Postal Service, Law Dept We Area, Sandy, UT, for U.S.

David B. Reed, General Delivery, St. George, UT, pro se.

Elizabeth Reed, St. George, UT, pro se.

Adam S. Affleck, Prince Yeates & Geldzahler, Salt Lake City, UT, Chad Utley, Christopherson Farris & White PC, St. George, UT, for Deloa Reed.

## MEMORANDUM DECISION

SAM, Senior District Judge.

This matter is before the court on the United States' motion for summary judgment and Defendant DeLoa Reed's cross-motion for summary judgment. The United States has also renewed its motion to strike the defendant's reply memorandum; a similar motion was considered by the court earlier and granted in part. The court has reviewed the pleadings and elects to determine the matter on the basis of the written memoranda of the parties, without the assistance of oral argument. DUCivR7–1(f).

Regarding the renewed motion to strike, the court finds merit in the arguments of the United States but denies the motion and will give consideration to only the complying portions of the new reply memorandum.

This case relates to the tax liability of David and Elizabeth Reed. This couple asserts that they are "sovereign citizens" and not subject to the taxing authority of the United States. David and Elizabeth Reed did not file a federal income tax return for the tax years of 1990 and 1992, and they filed a frivolous return for the 1991 tax year. Following the issuance by the IRS to David and Elizabeth Reed of Notices of Deficiency with respect to the tax years of 1990, 1991, and 1992, a delegate of the Secretary of the Treasury made assessments against David and Elizabeth Reed. Despite timely notices of assessment and demands for payment, David and Elizabeth Reed owe over $250,000 in taxes and interest.

In January 1992, David and Elizabeth Reed, who then owned and occupied a home at 444 Calla Circle, St. George, Utah ("Calla Property"), executed a Trust Deed ("Calla Trust Deed") on the Calla Property with David's parents, Gilbert and DeLoa Reed, as the beneficiaries. This deed secured a promissory note for $35,000 in favor of Gilbert and DeLoa Reed. At that time, David and Elizabeth understood that they owed money to the federal government for delinquent taxes.

In January 1993, after the IRS mailed several delinquency inquiries to David Reed, Gilbert and DeLoa began foreclosure proceedings against the Calla Property. After receiving title to the Calla Property in May 1993 pursuant to the foreclosure proceedings, Gilbert and De-Loa sold the Calla Property and received $32,177.81 as their share of the sale. On or about July 15, 1993, DeLoa and Gilbert sent a check for $23,661.46, drawn from the proceeds of the foreclosure sale, to their bank to pay down the balance on the home equity line for their own home, located at 1943 Acacia Place, St. George, Utah 84770 ("Acacia Property"). The bank applied $23,300.00 to the principal balance owed on the Acacia Property.

The United States claims that Defendant DeLoa Reed holds, as the nominee of Defendants David B. Reed and Elizabeth Reed, an equity interest in the Acacia Property in the amount of $23,300, plus appreciation from July 15, 1993. The issue before the court on cross-motions for summary judgment is whether DeLoa Reed is the nominee of David and Elizabeth Reed.

Summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish that there is no genuine issue regarding any material fact and that

the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.*

The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2727 (2d ed.1983).

When summary judgment is sought, the movant bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265. In a case where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is an absence of evidence in the record to support the nonmovant's case. *Id.* "[T]here can be no issue as to any

material fact ... [when] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548, 91 L.Ed.2d 265. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505, 91 L.Ed.2d 202. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Id.* at 250, 106 S.Ct. 2505, 91 L.Ed.2d 202.

The court has carefully reviewed the facts presented by Defendant DeLoa Reed and construed all evidence in a light most favorable to the defendant. However, the court finds that the defendant has failed to raise a genuine issue of material fact as to the United States' claim that Defendant DeLoa Reed holds an equity interest in the Acacia Property as the nominee of David Reed and Elizabeth Reed.

 Both sides agree on the law regarding nominee status.[1] Property transferred from a delinquent taxpayer to a nominee is subject to the collection of the taxpayer's tax liability. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). The courts consider the following factors as support for finding nominee status: (1)

---

**1.** Courts have regularly applied the preponderance of the evidence standard to nominee claims. *United States v. Marsh*, 114 F.Supp.2d 1036, 1045 (D.Haw.2000); *City View Trust v. Hutton*, No. 98–CV–1001–B, 1998 WL 1031525, at *12 (D.Wyo. Nov.2, 1998).

the taxpayer exercises dominion and control over the property while the property is in the nominee's name; (2) the nominee paid little or no consideration for the property; (3) the taxpayer placed the property in the nominee's name in anticipation of a liability or lawsuit; (4) a close relationship exists between the taxpayer and the nominee; and (5) the taxpayer continues to enjoy the benefits of the property while the property is in the nominee's name. *City View Trust v. Hutton,* No. 98–CV–1001–B, 1998 WL 1031525, at *10 (D.Wyo. Nov.2, 1998); *United States v. Barson,* No. 2:97–CV–551 C, 1999 WL 674567, at *6–*7 (D.Utah July 16, 1999); *Jessen v. United States,* No. 95–CV–109–B, 1996 WL 571670, at *4 (D.Wyo. July 29, 1996). *See Shades Ridge Holding Co., Inc. v. United States,* 888 F.2d 725, 729 (11th Cir.1989); *Towe Antique Ford Found. v. IRS,* 999 F.2d 1387, 1391 (9th Cir.1993). Some courts have also considered a failure to record the conveyance as support for finding nominee status. *United States v. Bell,* 27 F.Supp.2d 1191, 1195 (E.D.Cal.1998); *Barson,* 1999 WL 674567, at *6–*7.

■ For each of the relevant factors, the undisputed facts support the finding that DeLoa Reed is the nominee of David and Elizabeth Reed.

First, David and Elizabeth Reed act as homeowners of the Acacia Property, thereby exercising dominion and control over their equity interest in the Acacia Property. *See City View Trust,* 1998 WL 1031525, at *10; *Barson,* 1999 WL 674567, at *6–*7; *Shades Ridge Holding Co., Inc.,* 888 F.2d at 729. David and his family have lived in the basement of the Acacia home for over seven years. DeLoa has stated that David and Elizabeth do not pay rent for their use of the home. Furthermore, David has obtained loans for his business by using the Acacia home as security. Because David and Elizabeth have lived in the home, have used the home to finance David's business, and have not paid rent, David and Elizabeth have exercised dominion and control over their portion of the equity in the Acacia home.

Second, Gilbert and DeLoa Reed received the promissory note of $35,000 secured by the trust deed for, at best, inadequate consideration. *See City View Trust,* 1998 WL 1031525, at *10; *Barson,* 1999 WL 674567, at *6–*7; *Jessen,* 1996 WL 571670, at *4. DeLoa claims that she and Gilbert loaned to David and Elizabeth (1) $40,000 between 1984 and 1990 and (2) $23,697 between April 1991 and January 1992. Yet DeLoa Reed has failed to produce any documentation whatsoever indicating that the loan for $40,000 in fact occurred. The record shows that Gilbert and DeLoa transferred $23,697 to David and Elizabeth, but it is doubtful that these transfers were in fact loans. Even if the court accepts the doubtful claim that Gilbert and DeLoa loaned $23,697 to David and Elizabeth, this sum of $23,697 is inadequate consideration for the $35,000 note. Therefore, the undisputed material facts compel the court to find that Gilbert and DeLoa paid inadequate consideration for the promissory note.

The claim that David and Elizabeth agreed to repay the $23,697 fails for two reasons. First, the record shows that DeLoa and Gilbert routinely gave money to David and Elizabeth without requiring repayment. Second, the circumstances surrounding the execution of the Calla Trust Deed support the conclusion that the deed was not given for consideration. Although DeLoa claims that David and Elizabeth owed her and Gilbert over $60,000, the promissory note was for only $35,000. The value of the promissory note closely corresponded with the equity value in the Calla Property, approximately $32,000. Furthermore, given Gilbert and DeLoa's practice of giving David and Elizabeth

money without requiring repayment, there is no satisfactory explanation for why Gilbert and DeLoa chose to foreclose on the Calla Property rather than give David and Elizabeth the money needed to make the house payments.

The circumstances surrounding the transfer of the Calla Trust Deed lead to only one reasonable conclusion—that David and Elizabeth made the transfer in anticipation of their tax liability. *See City View Trust,* 1998 WL 1031525, at *10; *Barson,* 1999 WL 674567, at *6–*7; *Towe Antique Ford Found.,* 999 F.2d at 1391. David and Elizabeth purposefully declined to file federal income tax returns for the years 1990 and 1992. For 1991, David and Elizabeth filed a frivolous tax return. David executed the Calla Trust Deed and the Promissory Note in January of 1992, five months after the extended deadline had expired for David and Elizabeth to file their 1990 tax return. Shortly after David received several delinquency notices from the IRS, DeLoa and Gilbert foreclosed on the Calla Trust Property. Through this foreclosure, David effectuated the transfer into the Acacia property of a substantial part of the equity value in the Calla property.

The fact that DeLoa Reed is closely related to David and Elizabeth Reed also supports the finding of nominee status. *See City View Trust,* 1998 WL 1031525, at *10; *Barson,* 1999 WL 674567, at *6–*7; *Shades Ridge Holding Co., Inc.,* 888 F.2d at 729. In addition, David and Elizabeth Reed continue to enjoy the benefits of their equity interest in the Acacia Property. David and Elizabeth have lived with their children in the Acacia home for over seven years. Gilbert and DeLoa have not interfered with David and Elizabeth's use of the home, and David has used the home to secure loans for his business.

Nevertheless, the defendant argues that David and Elizabeth paid for their use of the home because David made payments on the mortgage for the Acacia Property. This argument fails for two reasons. First, DeLoa has testified that David and Elizabeth were not required to pay rent. Second, since more than two-thirds of the mortgage secured by the Acacia home finances David's business, these payments can reasonably be construed as payments on David's business loans.

Finally, although the Reeds recorded the Calla Trust Deed, that fact has no bearing on DeLoa Reed's status as David and Elizabeth Reed's nominee. Before Gilbert and DeLoa could foreclose on the Calla Property and effectuate the transfer of David's equity in the Calla Property to the Acacia Property, it was necessary to record the Calla Trust Deed. Therefore, the court finds that the undisputed material facts support finding that DeLoa is David and Elizabeth's nominee even though the Calla Trust Deed was recorded.

The United States has shown that all except one of the factors which courts have considered in determining nominee status weigh in its favor. The one factor not present, a failure to record the conveyance, is irrelevant in this case because the recording of the Calla Trust Deed was a necessary step to DeLoa and Gilbert's foreclosing on the Calla Property and effecting the transfer. For all of the reasons highlighted by the court and by the United States in its briefing, the court finds there is no genuine dispute of material fact. Accordingly, the United States' motion for summary judgment is granted. Defendant DeLoa Reed's cross-motion for summary judgment is denied.

The court hereby (1) enters summary judgment in favor of the United States and against DeLoa Reed on all of the United States' claims against her, (2) enters judgment providing that DeLoa Reed holds as

the nominee of David Reed and Elizabeth Reed an equity interest in the Acacia Property in the amount of $23,300.00, plus appreciation from July 15, 1993 ("Acacia Equity Interest"), and (3) enters judgment directing that the statutory liens that arose from the United States' assessments against Defendant David B. Reed for the tax years ended December 31, 1990, December 31, 1991, and December 31, 1992 be foreclosed on the Acacia Equity Interest. The court orders that the Acacia Property be sold with the proceeds of the sale applied as directed by controlling statutes.

SO ORDERED.