United States v. Evseroff

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
>> *Circuit Judges,*
> WILLIAM K. SESSIONS III,[*]
>> *District Judge.*

_____

United States of America,

> *Plaintiff-Appellee,*

> v.                                    12-2208

Jacob Evseroff,

> *Defendant-Appellant,*

New York State Department of Taxation,
Paul Lawrence Evseroff, Kenneth James Evseroff,
Lynn R. Terrelonge, Barry A. Schneider,

> *Defendants.*

_____

_____

[*] The Hon. William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PLAINTIFF-APPELLEE:**     Kenneth W. Rosenberg, Attorney
                                (Michael J. Haungs, Attorney,
                                Loretta E. Lynch, United States
                                Attorney for the Eastern District
                                of New York, *on the brief*), *for*
                                Kathryn Keneally, Assistant
                                Attorney General, Tax Division,
                                United States Department of
                                Justice, Washington, D.C.

**FOR DEFENDANT-APPELLANT:**     Jacob Evseroff, *pro se*, Brooklyn,
                                N.Y.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jacob Evseroff, a licenced attorney proceeding *pro se*, appeals from the district court's judgment authorizing the Government, in order to satisfy Evseroff's tax liabilities, to collect against all assets held by a trust created by Evseroff (the "Trust").  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.   **Standing on Appeal**

As an initial matter, the Government challenges Evseroff's standing to appeal this matter *pro se* in the absence of any Trust representative.  "Standing to appeal is an essential component of our appellate jurisdiction," and it therefore must be resolved before reaching the merits of Evseroff's appeal.  *Official Comm.*

2

*of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 77 (2d Cir. 2005). In general, Article III standing consists of three requirements: (1) injury in fact; (2) causation; and (3) redressibility. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To demonstrate injury in fact, "a litigant must have suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Tachiona v. United States*, 386 F.3d 205, 210-11 (2d Cir. 2004) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)). "To have standing at the appellate stage . . . a litigant must demonstrate injury caused by the judgment rather than injury caused by the underlying facts." *Id*. at 211 (internal citations omitted). In addition to Article III standing, the doctrine of prudential standing "encompasses the general prohibition on a litigant's raising another person's legal rights . . . and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (internal citation and quotation marks omitted).

In his reply brief, Evseroff asserts that the injury caused by the district court's judgment is the likelihood that the Government will seize and dispose of the Dover Street residence, one of the trust's assets, thus depriving him of his place of residence. This assertion is sufficient to establish Evseroff's

3

Article III standing on appeal.  *See Baur v. Veneman*, 352 F.3d 625, 633 (2d Cir. 2003) ("[T]hreatened harm in the form of an increased risk of future injury may serve as injury-in-fact for Article III standing purposes.").  Moreover, because his fear of being dispossessed of his place of residence as a result of the district court's judgment implicates Evseroff's own legal rights, the prohibition against raising third-party rights embodied in the prudential standing doctrine is not implicated.  *See Newdow*, 542 U.S. at 11.[1]

## II.  Merits

Under federal law, the Government may impose a lien on any "property" or "rights to property" belonging to a taxpayer until the taxpayer's liability is satisfied or the statute of limitations bars collection.  *See Drye v. United States*, 528 U.S. 49, 55-56 (1999); *see also* 26 U.S.C. §§ 6321, 6322.  Under the fraudulent conveyance laws of the state in which the property is located, the Government may seek to enforce such a lien against a taxpayer who fraudulently disposes of his property prior to the existence of the lien.  *See Drye*, 528 U.S. at 58; *United States v. McCombs*, 30 F.3d 310, 323 (2d Cir. 1994).  The Government may

---

[1] As Evseroff has asserted that the loss of his residence is the only injury he suffered as a result of the district court's judgment, it is arguable that he lacks standing to appeal the Government's collection against the Trust's remaining assets. Nonetheless, because the Dover Street residence is the Trust's major asset, we conclude that Evseroff's showing is sufficient to permit him to prosecute his appeal.

also seek to enforce such a lien against property held by the taxpayer's nominee or alter ego. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977) ("If petitioner [corporation] was [taxpayer's] alter ego . . . the Service could properly regard petitioner's assets as [taxpayer's] property subject to the lien under § 6321."); *see also Shades Ridge Holding Co. v. United States*, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to collection of the taxpayer's tax liability.").

We review *de novo* the district court's determination that Evseroff's transfers to the Trust were actually fraudulent. *McCombs*, 30 F.3d at 328. The district court's factual findings underpinning those legal determinations are reviewed for clear error. *United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996).

Whether Evseroff's conveyances to the Trust were actually fraudulent is a question of New York state law, in this case N.Y. Debtor & Creditor Law § 276. *McCombs*, 30 F.3d at 323, 327-28. Section 276 provides that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. Debt. & Cred. Law § 276. The burden of proving actual intent lies with the party seeking to set aside the conveyance. *McCombs*, 30 F.3d at 328.

5

"Actual fraudulent intent must be proven by clear and convincing evidence, but it may be inferred from the circumstances surrounding the transaction, including the relationship among the parties and the secrecy, haste, or unusualness of the transaction."  *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 639 (2d Cir. 1995).[2]

Following our independent review of the entire record, we identify no error in the district court's conclusion that the Government established, by clear and convincing evidence, that Evseroff's 1992 transfers of $220,000 in cash and the Dover Street residence to the Trust were actually fraudulent.  The majority of Evseroff's arguments with respect to this issue seek to elevate the district court's underlying factual findings to the level of "clear and convincing" proof of his actual intent. For example, he argues, among other things, that: (1) the district court's conclusion that he thought that his Florida

---

[2] Evseroff invites us to adopt the Federal Circuit's formulation of the clear and convincing standard of proof set out in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).  *See id.* at 1290-91 (holding, *inter alia*, that under the clear and convincing evidence standard, "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found").  We decline his invitation. As we have previously stated in a case addressing a similar actual fraudulent conveyance claim under N.Y. Cred. & Debt. Law § 267, we are "reluctant" to set aside the district court's finding of actual fraudulent intent where, as here, "the fraudulent conveyance inquiry [consists of] merely a battle between the 'badges' [of fraud] on the one hand and inferences of [the defendant's] nonfraudulent motivation on the other."  *McCombs*, 30 F.3d at 328.

6

residence would be exempt from seizure lacks support in the record; and (2) the court improperly found that he did not receive consideration for his transfers into the Trust.  The findings of the district court on these matters are not dispositive, direct evidence of Evseroff's fraudulent intent. Instead they constitute the district court's underlying factual findings regarding the "circumstances surrounding the transaction," *see* *HBE Leasing*, 48 F.3d at 639, from which, viewed in their totality, Evseroff's ultimate intent was to be inferred. In addition, contrary to Evseroff's assertions, both of the district court's conclusions find support in the record. Accordingly, as we discern no error in the district court's application of the clear and convincing evidentiary standard to the underlying facts and circumstances, we affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned order dated April 30, 2012.[3]

---

[3] As we affirm on the ground that the district court properly found that Evseroff's conveyances to the Trust were actually fraudulent, we need not reach the court's alternate holdings that the Government could collect against the Trust assets under the theories that the Trust was Evseroff's nominee or alter ego.

We have considered all of Defendant's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk