T.C. Memo. 2018-62

UNITED STATES TAX COURT

VINCENT C. HAMILTON AND STEPHANIE HAMILTON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8037-16.                    Filed May 8, 2018.

Paul W. Jones, for petitioner.

Skyler K. Bradbury, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  The issues for decision are whether petitioners were
insolvent pursuant to section 108(a)(1)(B), are liable for a section 6651(a)(1)
addition to tax, and are liable for a section 6662(a) accuracy-related penalty.  The
parties submitted this case fully stipulated pursuant to Rule 122.  Unless otherwise
indicated, all section references are to the Internal Revenue Code relating to the

[*2] year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners have an adult son, Andrew Hamilton (Andrew). Petitioner husband (Mr. Hamilton) obtained student loans to finance Andrew's education. In 2008 Mr. Hamilton injured his back, was diagnosed with degenerative disc disease, and became permanently disabled as a result of his injuries. In June 2010 he sought to have the loans discharged because of his disability. In 2011 (year in issue) Nelnet and the Missouri Higher Education Loan Authority (MOHELA) discharged $157,199 and $1,312, respectively, of Mr. Hamilton's debt. Also in 2011 Mr. Hamilton received a $308,105 nontaxable cash distribution relating to his 14.4% interest in a limited liability company.

During the year in issue Mr. Hamilton engaged in erratic spending behavior which led Mrs. Hamilton to begin managing petitioners' finances. On April 1, 2011, petitioners transferred $323,000 to Andrew's Chase bank savings account. Andrew gave Mrs. Hamilton his electronic banking username and password and gave her permission to transfer funds from his savings account. Throughout 2011 Mrs. Hamilton regularly transferred money from Andrew's savings account to the petitioners' joint account, from which she paid a majority of the household bills.

**[\*3]**   Petitioners hired Scott D. Rasmuson, a licensed certified public accountant, to prepare their 2011 joint Federal income tax return.  After reviewing their assets and liabilities, he advised petitioners that they were insolvent during the year in issue and were not required to include any discharge of indebtedness income.

On March 14, 2014, petitioners filed their joint 2011 Federal income tax return, which was due on April 17, 2012.  Petitioners attached Form 982, Reduction of Tax Attributes Due to Discharge of Indebtedness (and Section 1082 Basis Adjustment), to their return, claiming that their liabilities exceeded their assets by $165,871.  On January 6, 2016, respondent issued petitioners a notice of deficiency on which he determined a $44,313 tax deficiency relating to discharged debt, a $12,736.75 section 6651(a)(1) addition to tax, and an $8,862.60 section 6662(a) accuracy-related penalty.  On April 5, 2016, petitioners, while residing in Woodland Hills, Utah, timely petitioned the Court.

The parties have stipulated that if Andrew's savings account is not taken into consideration, petitioners meet the requirements of section 108(a)(1)(B).  The only remaining issues for decision are whether Andrew's account should be taken into consideration in determining petitioners' insolvency status and whether petitioners are liable for a section 6651(a)(1) addition to tax and a section 6662(a) accuracy-related penalty.

[*4]                                            Discussion

Gross income generally includes income from the discharge of indebtedness.  Sec. 61(a)(12).  Section 108(a)(1)(B) excludes income from the discharge of indebtedness from gross income if the discharge occurs when the taxpayer is insolvent.  The amount by which the taxpayer is insolvent is defined as the excess of the taxpayer's liabilities over the fair market value of the taxpayer's assets immediately before the discharge.  Sec. 108(d)(3).  The amount excluded pursuant to section 108(a)(1)(B) cannot exceed the amount by which the taxpayer is insolvent.  Sec. 108(a)(3).

Petitioners contend that they were insolvent pursuant to section 108(a)(1)(B) and are not required to include discharge of indebtedness income relating to the Nelnet and MOHELA debts.  Respondent contends that Andrew held his savings account as a nominee for petitioners, and accordingly the amount in Andrew's savings account should be taken into consideration in determining petitioners' insolvency status.

Petitioners have the burden of proof relating to an issue unless they introduce credible evidence and establish that they meet the requirements of section 7491(a)(2).  See Rule 142.  Petitioners introduced credible evidence relating to the ownership of Andrew's savings account.  The stipulations,

[*5] however, do not establish that petitioners maintained the required records or cooperated with respondent's requests. Sec. 7491(a)(2)(B). Accordingly, the burden of proof does not shift to respondent and remains with petitioner. See sec. 7491(a).

To determine whether Andrew held his savings account as the Hamiltons' nominee, we look first to State law. See Drye v. United States, 528 U.S. 49, 58 (1999). Utah courts use the following six factors to determine whether a nominee relationship exists:

> (i) the taxpayer exercises dominion and control over the property while the property is in the nominee's name; (ii) the nominee paid little or no consideration for the property; (iii) the taxpayer placed the property in the nominee's name in anticipation of a liability or lawsuit; (iv) a close relationship exists between the taxpayer and the nominee; (v) the taxpayer continues to enjoy the benefits of the property while it is in the nominee's name; and (vi) the conveyance to the nominee is not recorded. * * *

United States v. Wade, No. 2:15CV00883 DS, 2017 U.S. Dist. LEXIS 163345, at *20-*21 (D. Utah Oct. 2, 2017) (citing Holman v. United States, 505 F.3d 1060, 1065 n.1 (10th Cir. 2007), and United States v. Reed, 168 F. Supp. 2d 1266, 1268-1269 (D. Utah 2001)). The parties' stipulations reflect that although the transferred funds were placed in Andrew's savings account, Mrs. Hamilton was able to freely transfer funds to petitioners' joint account to pay household bills

[*6] (i.e., she exercised dominion and control). There is no evidence that Andrew paid any consideration for the funds transferred to his savings account, or that the funds were transferred in anticipation of a lawsuit or a liability. There is, however, sufficient evidence to establish that a close relationship existed between petitioners and their son Andrew, and that petitioners continued to enjoy the benefits of the funds they transferred to Andrew's savings account. In short, petitioners have failed to establish that Andrew was not their nominee. See Rule 142(a). We accordingly find that during the year in issue petitioners' assets exceeded their liabilities by at least $60,002, and thus their $158,511 of canceled debt should be included in income. See secs. 61(a)(12), 108(d)(3).

Petitioners untimely filed their 2011 joint Federal income tax return. Respondent bears, pursuant to section 7491(c), and has met his burden of production relating to section 6651(a). Petitioners' failure to timely file their return was the result of willful neglect, not reasonable cause. Accordingly, petitioners are liable for the section 6651(a)(1) addition to tax relating to 2011.

Respondent determined that petitioners are liable for a section 6662(a) accuracy-related penalty relating to the year in issue. Respondent bears the burden of production relating to the section 6662(a) accuracy-related penalty, see sec. 7491(c), but failed to present any evidence that the penalty was "personally

**[\*7]** approved (in writing) by the immediate supervisor of the individual making such determination", see sec. 6751(b)(1); Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42; Simonsen v. Commissioner, 150 T.C. ___, ___ (slip op. at 25) (Mar. 14, 2018); Graev v. Commissioner, 149 T.C. ___, ___ (slip op. at 14) (Dec. 20, 2017), supplementing 147 T.C. 460 (2016).  Accordingly, he did not meet his burden of production, and petitioners are not liable for the section 6662(a) penalty.  See sec. 7491(c); Graev v. Commissioner, 149 T.C. at ___ (slip op. at 14-15).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.